### George H. Fergus et al. v. George C. Miln et al.

#### Gen. No. 12,738.

1. TRIAL—*power of trial judge to advance.* Under the statute, it is within the sound discretion of the trial judge to advance the trial of a cause, and his action in this regard will not be reversed unless an abuse of discretion is shown.

2. TRIAL—*when advancement of, not abuse of discretion. Held,*

that in this case there was no abuse of discretion; and that the advancement would have been harmless to appellant even if erroneous.

Attachment proceeding. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

JOHN C. WILSON, for appellants.

EDWARD MAHER and GEORGE LAUDER TURNBULL, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court of Cook county dismissing the suit of appellants against the appellees at appellants' costs, for want of prosecution.

The appellants, who had sued appellees and attached real estate belonging to the appellee Louise Jordan Miln, the wife of the other appellee, George C. Miln, refused to proceed with the trial of the cause when it was called for trial. They contended that it should not then have been called, that it had been improperly advanced in contravention of the rules of court and without good cause, as required by the statute, and should be stricken from the calendar and continued. This furnishes their only ground of complaint in this court.

That plaintiff should, at the demand of defendants, on a notice of almost a month, be compelled to go to trial, about ten months after beginning a suit and almost five months after suing out an attachment and levying it on the property of a defendant who contended and had pleaded that she was not liable, jointly or otherwise, with the other defendants, does not on first impression present much of a grievance to us. Our impression is deepened rather than weakened by an investigation of the record. It is of course possi-

ble that a plaintiff, after beginning a suit, is at such disadvantage through the absence of material witnesses as to render delay in trial essential to his just treatment. But in this case the defendants admitted in open court that all and each of the witnesses, whose attendance the plaintiffs said on their motion for a continuance was necessary and desirable at the trial, would testify as the plaintiffs in their presented affidavit had claimed, and while a case may be imagined, as suggested by counsel for appellants, where such admission is not sufficient to render an immediate trial fair, because "the personal presence of the witness is fairly shown to be necessary to prevent surprise," this is not such a case.

As for the advancement of the suit so that it was tried in ten months instead of two years from its institution, had such advancement been error under the statute and the rules, it ought to be considered harmless error so far as the plaintiffs are concerned. The popular opinion concerning the result of crowded court dockets in Cook County must be reversed, if this is a grievance of theirs. Whatever harm could be done by such an error would be to subsequent suitors whose cases were postponed, not to the appellants. But the advancement was not error. The statute which the plaintiffs invoke says that all causes shall be tried in their order "unless the court for good and sufficient cause shall otherwise direct." Manifestly, this must leave the sufficiency of the cause to the sound discretion of the trial court; and so the Supreme Court says that it does. Morrison v. Hedenberg, 138 Ill. 25; Staunton Coal Co. v. Menk, 197 Ill. 373; Crosby v. Kiest, 135 Ill. 461.

The appellants, however, insist that this discretion was abused. We do not agree with them. It appeared that the defendant, Louise Jordan Miln, was a foreigner; that she was a resident of England and the

mother of five children there residing; that one of them was ill and needed her attendance; that she was in this country looking after the settlement of her father's estate; that the attachment levied by plaintiffs on her interest therein tied up and arrested such settlement; that she was unable to give a bond to release the attachment; that in the ordinary course the suit to which she claimed she had a perfect defense would not be tried for another year.   This state of things was ample cause for the action of the court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*